Cochrane, J.:
This action was instituted in - Justice’s Court on two promissory notes given by John E. Steele, the husband of the defendant. One note was for twenty dollars, dated December 14, 1908, payable one year after date to the plaintiff or bearer. The other note was for six dollars, dated December 21, 1905, payable one year after date to Vincent Heath or bearer, and assigned to the plaintiff. John E. Steele died December 19, 1910, and on January 8, 1911, the defendant was appointed administratrix of his estate. The plaintiff seeks to make the defendant individually liable on the theory that she personally bound herself to pay the notes. The defense is a general denial and the Statute of Limitations. The plaintiff recovered on both notes in Justice’s Court, less some payments which plaintiff alleged to have been made thereon.
On appeal to the County Court the judgment of the Justice’s Court was reduced apparently to the amount of the smaller note. In not permitting the plaintiff to recover on the twenty-dollar note the county judge was clearly right. The case is entirely barren of evidence tending to show that the defendant, in any way made herself personally liable for the payment of that note. The county judge, however, should have gone further and should not have permitted a recovery on either note. The note for six dollars bore two indorsements of one dollar each, on April 4, 1908,, and January 1, 1910. These indorsements were in the handwriting of Vincent Heath, the payee. Heath was not produced as a witness. There is no evidence that the maker of the note made any payment on this note or knew about the indorsements or connecting him in any way with the indorsements, and they fail entirely to remove the case from the Statute of Limitations. The only evidence tending to show either that the defendant made herself personally liable for this note or that it is not barred by the Statute of Limitations is the testimony of the plaintiff as to the purport of an unproduced letter written by the defendant as follows: “ She wrote me that if I would wait on her she would pay the *315 note.” It does not appear when this letter was written, but the testimony was given on February 2, 1916, and plaintiff then testified that he had procured the note four or five weeks prior thereto, so that the letter must have been written within that time. The action was begun December 31, 1915, or about the same time when plaintiff said that he procured the note. It is an open question whether the defendant, being the administratrix of her husband’s estate, did not intend by that letter merely that she in her representative capacity would pay the note. But if it be assumed that she intended to make herself personally liable, her promise was not absolute but conditional, and the condition on which she made the promise has not been performed by the plaintiff. That condition was that plaintiff would wait for payment, or, in other words, would forbear the enforcement of the note for a reasonable time, which he has not done. The action seems to have been immediately instituted, and the promise of the defendant, therefore, is insufficient either to make herself personally liable for her husband’s debt or to take the debt out of the Statute of Limitations.
The judgment of the County Court and Justice’s Court should be reversed, with costs in all courts.
All concurred.
Judgment of the County Court and Justice’s Court reversed, with costs in all courts.